## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* THOMPSON.

[No. 2,417.   Filed June 10, 1898.   Rehearing denied Jan. 4, 1899.]

RAILROADS.—*Lessee.—Negligence.—Fences.— Animals.—* The owners of locomotives and cars operated and run over another railroad are liable in damages for animals killed by such locomotive and cars at a point on such railroad where it was. not securely fenced, under the provisions of sections 5312, 5313, Burns' R. S. 1894, to the same extent as though the road belonged to them.

From the Hamilton Circuit Court.   *Affirmed.*

*John L. Rupe* and *Fertig & Alexander,* for appellant.

*Christian & Christian,* for appellee.

HENLEY, C. J.—This action was commenced before a justice of the peace in Hamilton county, and was an action begun by appellee for damages in the sum of $100, being the alleged value of a mare and colt which were killed on a line of railroad operated by appellant in Hamilton county at a point on said railroad where it was not securely fenced, and at a point on said road where the same  could have been and ought to have been fenced.   The first trial before the justice resulted in a verdict and judgment for appellee, and upon appeal to the circuit court of Hamilton county the same result was reached.

The errors asigned in this case relate to the ruling of the lower court in holding the complaint good, in overruling appellant's motion for a new trial and in

overruling appellant's motion for judgment upon the special verdict. The sufficiency of the complaint is not discussed by appellant's counsel. It is contended by counsel for appellant that the verdict of the jury and the judgment of the court are not sustained by sufficient evidence, and are contrary to law, and that there is a total failure of proof to sustain a material allegation of the complaint. The evidence is in the record. The jury returned a special verdict by way of answers to interrogatories. It was found by the jury that the appellant is a corporation, and at the time of the alleged injury was running its locomotives and trains of cars over and along a line of railroad which passed through the lands of Hampton West and Clark Hodgin in Hamilton county, Indiana, and that said railroad was not fenced on the east side, where it runs through the land of Hampton West, and that said railroad could be fenced at said points without interfering with the use and operation of said railroad; that the appellee was the owner of the mare and colt mentioned in the complaint on the 9th day of June, 1895, and that said mare and colt entered upon appellant's railroad at the point where the same was unfenced as aforesaid, and were then and there, on said 9th day of June, 1895, killed on said railroad by appellant by running its locomotive and cars against and upon them; that said mare was of the value of $60, and the colt of the value of $30; and that appellee has suffered damage by reason of the killing of the said mare and colt in the sum of $90. The evidentiary facts are also found from which the jury was justified in finding the ultimate fact that the place where the stock entered upon the track of the railroad was such a place as could be fenced without interfering with the operation of the railroad. The facts are also found from which the court

could conclude, as a matter of law, that appellee was free from fault.  We think the jury found every fact necessary to establish appellee's cause of action.

But it is contended by appellant that there is no evidence to support the material averment of appellee's complaint that appellant was operating a line of railroad through Hamilton county at the time and place upon which appellee's mare and colt were killed.  The evidence of John W. Thompson was sufficient from which the jury could find that appellant was running its locomotives and cars over the track at the time and place that the injury occurred.  The arrangement, whatever it may be, between appellant and the owner of the road, does not affect appellee's rights in this matter.  Either party was liable to the appellee for the wrongful killing of his stock.  Sections 5312, 5313, Burns' R. S. 1894.  It was held by the court in the case of the *Wabash Railway Co.* v. *Williamson*, 3 Ind. App. 190, that the owner of locomotives and trains operated and run over another railroad is liable to persons for damages occasioned by such locomotives and trains to the same extent as though the track and road over which they were run and operated belonged to the company owning them.

What we have said disposes also of the assignment of error upon the ruling of the lower court in sustaining appellee's motion for judgment upon the special verdict.  We find no error in the record.  Judgment affirmed.